UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ROBERT W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:25-cv-00010-GFVT |
| ) | |
| v. ) | |
| ) | |
| TIMOTHY KIRWAN, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant. ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Robert Johnson is a resident of New York. Johnson has filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. [R. 1; R. 2.] For the reasons explained below, the Court will deny Johnson *pauper* status, dismiss this case, immediately impose provisional filing restrictions, and order Johnson to show cause why those restrictions should not become permanent.

Johnson is an established abusive litigant. Since 1981, he has filed more than 500 civil cases in the federal courts, most of them in the last five years. In this Court, Johnson has filed a dozen civil cases since 2022 alone. In one of his recent efforts, Johnson provided a false mailing address, identified the plaintiff as the defendant and vice versa, named a third party who had no knowledge of the case as the plaintiff, asserted a conclusory and frivolous claim, falsely stated that he was an attorney licensed to practice law, and listed a New York attorney with no affiliation with the case as counsel for the plaintiff. *See Johnson v. McCray*, No. 2:24-CV-142-DLB (E.D. Ky. 2024). The Court dismissed the case and, because Johnson had filed identical complaints in six other federal district courts throughout the country, ordered the Clerk to mail

copies of its Order to seven other jurisdictions and two individuals to make them aware of Johnson's subterfuge. [R. 5 therein.]

Johnson's filings in this case are of the same ilk. Johnson signed his motion to proceed in forma pauperis, but he used the wrong form, answered none of the questions posed, provided no financial information, and provided the Court's own mailing address as his own. [R. 2; R. 2-1.] Johnson's fee motion is manifestly insufficient and will be denied.

Johnson's complaint is likewise frivolous. Johnson alleges only that Timothy Kirwan, a resident of New York, discriminated against him based upon his race, age, sex, religion, creed, education, and work history. [R. 1 at 4.] Johnson provides no factual details to explain that conclusory assertion. Johnson did not sign his complaint, and typing one's name is not sufficient. *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). This Court is obviously not a proper venue to assert claims against a New York resident. *See* 28 U.S.C. § 1391(b). Johnson recently filed an identical copy of this complaint in Minnesota; that Court promptly dismissed it for failure to state a claim and improper venue. *See Johnson v. Kirwan*, No. 25-CV-651 (PJS/DTS) (D. Minn. Feb. 24, 2025). The Court will therefore dismiss Johnson's complaint.

Because Johnson, despite prior cautions from this Court, continues his pattern of vexatious litigation, the Court will impose pre-filing restrictions upon him. The Court affords additional latitude to parties who proceed pro se. *Haines v. Kerner*, 404 U.S. 519, 596 (1972). But it does not allow "the right of self-representation [to be used as] a license to abuse the dignity of the courtroom." *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975). If a party repeatedly files frivolous lawsuits or motions, the Court may require them to obtain prior permission before filing any new lawsuit. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a

Case: 3:25-cv-00010-GFVT   Doc #: 5   Filed: 02/25/25   Page: 3 of 4 - Page ID#: 21

history of repetitive or vexatious litigation."). Johnson's continued filings impose an increasing burden upon the Court's finite resources at the expense of other litigants with potentially meritorious claims. Many other federal courts have already restricted Johnson's legal activities in their districts. *See Johnson v. Ponticello*, No. 6:24-CV-05076-RMG-KFM, 2024 WL 4957412, at *4 (D.S.C. Oct. 24, 2024) (collecting cases), *report and recommendation adopted*, No. 6:24-CV-5076-RMG, 2024 WL 4763304 (D.S.C. Nov. 12, 2024).

The Court will therefore impose significant restrictions upon Johnson's litigation activity in this district. The Court will provisionally direct the Clerk to immediately begin docketing any new submission by Johnson - whether intended to be filed in this case or to initiate a new proceeding - as miscellaneous correspondence in **this** case. The Court will also bar Johnson from proceeding in forma pauperis in any future case unless he (a) files a proper and fully completed motion to proceed in forma pauperis on the correct form; **and** (b) plausibly alleges sufficient facts that would reasonably support the conclusion that he is in imminent danger of serious physical injury that is proximately caused by the within-district matters asserted in his tendered pleading. Further, the Court will not review any future submission by Johnson to determine if it should be filed unless he: (a) fully prepays the applicable $405.00 filing and administrative fees or files a motion to proceed in forma pauperis that conforms with the requirements set forth above; and (b) tenders both a copy of this Order and the pleading he wishes to file on a court-approved complaint form to the Clerk. The Court will presently order Johnson to show cause why these provisional remedies should not become permanent.[1]

Before imposing such restrictions, the Court will afford Johnson twenty-one (21) days to file a written response explaining why he believes they should not be imposed. *Cf. Metz v.*

---

[1] The Court has taken this approach before. *Cf. Davis v. McCreary*, No. 6: 22-CV-100-DCR (E.D. Ky. 2022) [R. 11, 24 therein], *appeals dismissed*, Nos. 22-5565/5692/5717 (6th Cir. 2022).

3

*Unizan Bank*, 655 F. 3d 485, 490 (6th Cir. 2011) ("... parties should be given notice of the possibility of inherent power sanctions so that they 'can present to the district court those rules or statutes that may be more appropriate.'"). His response may be in the form of an explanation for past conduct in mitigation or to interpose factual or legal objections to the proposed restriction. The Court will impose these restrictions if Johnson does not file a timely response or files a response that does not identify factually and legally sufficient grounds why they should not be imposed.

Accordingly, the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Johnson's motion to proceed in forma pauperis **[R. 2]** is **DENIED**.

2. Johnson's complaint **[R. 1]** is **DISMISSED**.

3. This matter is **STRICKEN** from the active docket.

4. Within twenty-one (21) days, Johnson is directed to **SHOW CAUSE** by filing a written response stating why he believes the Court should not impose the filing restrictions described above.

5. The Court will impose the sanctions described above if Johnson fails to file a timely response or files a response that does not identify factually and legally sufficient grounds why the restriction should not be imposed.

This the 25th day of February, 2025.



Gregory F. Van Tatenhove
United States District Judge